O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT CIRRINCIONE ASSOCIATES, LTD.; VINCENT CIRRINCIONE,<br><br>            Plaintiffs,<br>     v.<br>SCOTTSDALE INSURANCE COMPANY,<br><br>            Defendant. | Case No. 2:13-cv-05252-ODW(AJWx)<br><br>**ORDER TO SHOW CAUSE RE. LACK OF SUBJECT-MATTER JURISDICTION** |

On July 19, 2013, Plaintiffs Vincent Cirrincione Associates, Ltd. and Vincent Cirrincione filed a Complaint against Scottsdale Insurance Company alleging breach of contract and breach of the implied covenant of good faith and fair dealing. (ECF No. 1.) Plaintiffs allege that this Court has diversity jurisdiction over the case under 28 U.S.C. § 1332.

A federal district court "must" dismiss an action if it determines at any time that it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3). In assessing jurisdiction, a court accepts as true any allegation in the complaint. *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012).

To establish diversity jurisdiction, a plaintiff must establish that all plaintiffs are diverse from all defendants and that the amount in controversy exceeds the sum or value of $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a). The

party invoking diversity jurisdiction has the burden of proving these elements by a preponderance of the evidence. *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001).

Here, Plaintiffs validly allege the citizenship of Plaintiffs and Defendant Scottsdale Insurance Company. (Compl. ¶¶ 1, 2, 4.) But regarding the amount in controversy, Plaintiffs simply state that "the matter in controversy exceeds the value of $75,000, exclusive of interests and costs." (*Id.* ¶ 5.) They also allege that "Plaintiff's damages, which in any event *will exceed* $75,000, will be proven at trial." (*Id.* ¶ 31 (emphasis added).) Plaintiffs do not allege that the amount in controversy is yet greater than $75,000.

And notably absent is any indication of what the amount in controversy could potentially be. Plaintiffs allege that they tendered a sexual-harassment claim to Scottsdale Insurance Company, and the insurer allegedly refused to respond. But they do not mention the value of this claim or how it may be computed. Neither do Plaintiffs allege what other damages they will incur as the result of Scottsdale Insurance Company's alleged bad faith. (*See id.* ¶ 35.) Plaintiffs also request punitive damages but provide no indication of how much they seek. (*See id.* ¶ 36.)

The Court therefore **ORDERS** Plaintiffs to **SHOW CAUSE** why this case should not be dismissed for lack of subject-matter jurisdiction. Plaintiffs shall respond in writing by **Monday, September 16, 2013**. No hearing will be held. The Court will discharge this Order through either a written response showing good cause or by the filing of an amended complaint.

**IT IS SO ORDERED.**

September 5, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**